## White et al. v. Rutter et al.

(Decided June 24, 1932.)

(As Modified on Denial of Rehearing March 24, 1933.)

WHEELER, WHEELER & SHELBOURNE for appellants.

J. D. MOCQUOT for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

This is a companion case to the City of Paducah v. White et al., 244 Ky. 733, 51 S. W. (2d) 935. Reference is made to it for fuller statement.

To the petition, which is described in the other opinion, plaintiffs filed an amendment making Ross Rutter, the finance commissioner of the city of Paducah, whose term expired on January 4, 1932, and the surety on his bond defendants, and alleging that the city had made divers improvements at the cost of abutting property owners; that many of the latter had elected to pay on the 10-year plan, and bonds had been issued against their property; that on the first day of January, 1932, the city of Paducah was not able, from the interest paid by the property holders of Paducah whose property was in lien for the various and sundry projects for public improvements, inaugurated by the city of Paducah, to pay interest on the bonded debt; that is, there was not enough money paid by property holders to pay the interest due the various and sundry bondholders on the various and sundry projects for street improvements, sidewalk improvements, driveway improvements, sewer improvements, and curb and gutter improvements, and all of the interest due the respective bondholders on bonds purchased by them from the city of Paducah, or the contractors to whom they had been delivered by the city of Paducah, was permitted to default and to remain unpaid; but plaintiffs say some of the property holders whose property was in lien for interest on public improvements, which interest was due January 1, 1932, did pay their interest, and as matter of right and equity it was the duty of said Ross Rutter to pay out the interest received by him on the respective projects ratably and proportionately on the respective coupons presented for payment by the owners of bonds issued by the city of Paducah for public improvement purposes, but, instead of doing as he was required to do, the said Ross Rutter, secretly and without knowledge and consent of the other commissioners of the city of Paducah, or its mayor, paid to Kelly Franklin the sum of $6,-692.25, the principal sum of bonds held by said Kelly Franklin so maturing on the 1st day of January, 1932, and in addition thereto paid his interest on the bonds above mentioned, amounting to $192.10.

Franklin was the owner of other bonds which had not matured on the 1st day of January, 1932, the in-

758

terest upon which amounted to $96.80, and the said Ross Rutter paid him the interest on said unmatured bonds in addition to the amount paid on the matured bonds, and judgment was asked against Rutter and his surety for this $6,692.25.

The special and general demurrers of Rutter and his surety to this petition were sustained, and the petition was dismissed as to Rutter and his surety, and White et al. have appealed.

This order sustaining the general demurrer was correct; this action against Rutter and his surety is premature. After the bondholders have proceeded in a proper way, as outlined in section 3102 Ky. Stats., to collect their bonds, if it then be found that plaintiffs have been hurt in any way by the action of Rutter they may sue, but not now.

Other questions not passed on are reserved.

Judgment affirmed.