## City of Paducah et al. v. White et al.

(Decided June 24, 1932.)

734

W. A. BERRY, for appellants.

WHEELER, WHEELER & SHELBOURNE, for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

This appeal is prosecuted by the city of Paducah and Charles C. Reike, its finance commissioner, from an order appointing a receiver to take charge of and collect moneys due the city upon assessments for construction of streets, sewers, sidewalks, etc.

Paducah is a city of the second class and is under the commission form of government. James A. White and eight others, all hereinafter called plaintiffs, began this suit against over 1,300 property holders in the city whom they alleged owned property upon which the city had made improvements, and that the city had made assessments against such property to pay for the making of such improvements, and the owners had elected to pay such assessments upon the 10-year plan, had signed the necessary requests therefor, and the city had issued improvements bonds against such property, but the owners had not paid the annual sums due thereon or the semiannual interest thereon, and were delinquent therein. There are 125 pages of petition, and in addition several amendments; but, in substance, the charge is that the city of Paducah wrongfully failed to keep collections from special assessments separate, according to the project on which bonds were issued. It wrongfully commingled all collections, and used them indiscriminately with its general funds. It used collections from one project to pay maturing bonds and coupons of other proecjts, and made no effort to collect any delinquent bills. Plaintiffs owning bonds of the par value of more than $150,000 brought, what they call, a class suit under section 25 of the Civil Code of Practice and section 3102 of the Kentucky Stats., suing for themselves and other bondholders owning bonds in the ninety-nine projects issued by the city of Paducah.

Numerous bondholders were made parties, and many issues made with which we are not concerned. The

court referred this case to the master commissioner and gave him directions, of which this is the substance:

"Said Commissioner is hereby authorized and empowered to collect from the defendants and from any or all of them any sum due by the respective defendants now in arrears for sewer improvements, sidewalk improvements, curb and gutter improvements, or driveway improvements. He will keep the amount due by each defendant under each of the projects mentioned in the petition, in a separate and distinct fund, showing the name of the defendant, the project under which the payment is made, the amount of the payment, with interest thereon, to the date of collection, and he will each sixty days file a report with this court if in session, and if not in session, then with the clerk of the court, showing the persons from whom he has collected the money, the amount of money collected, with interest thereon, and every sixty days said report shall be accompanied by a receipt from the Treasurer of the city of Paducah, showing that the Commissioner has paid to the Treasurer of the city of Paducah the amount collected by him, the person from whom collected, the project on which the collection is made, and all interest and penalties, but the commissioner is directed to retain in his hands the ten per cent penalty imposed upon each of the defendants for their failure to pay promptly, and such additional amount as the court may direct him to retain to cover the probable costs of this suit, and in making the collections from the respective defendants, the Commissioner is ordered and directed in addition to collecting the six per cent interest upon the amount due, to collect a ten per cent penalty upon all of the amount that is delinquent and unpaid, and the defendants and each of them are enjoined and restrained from paying the amount now due by the respective defendants for sewer improvement tax, sidewalk improvement tax, curb and gutter improvement tax, and street paving tax, to anyone except the Master Commissioner, or paying any interest or penalties on the delinquent taxes due by said respective defendants, to anyone except the Commissioner, T. A. Miller, and all persons are enjoined and restrained from bringing any suit to enforce any lien

for street improvement tax, sewer improvement tax, sidewalk improvement tax or curb and gutter improvement tax, except through and in this suit, and the city of Paducah, is enjoined and restrained from collecting from any of the defendants any taxes now delinquent for sewer improvement tax, sidewalk improvement tax, driveway tax or curb and gutter improvement tax, except by and through this court's commissioner, T. A. Miller, and said Commissioner will report his acts and doings in the premises to this court, as herein provided, from time to time."

Our questions are these: By what the court did was a receiver appointed from which appointment the city et al. can now appeal? The answer is "Yes." See section 298 of Civil Code of Practice. This man is still a receiver, though the court calls him master commissioner.

The nature of his office is determined by the power given him, not by the name given him. It is like the old bear illustration. See Wood's Guardian v. Inter-Southern Life Ins. Co., 224 Ky. 579, 6 S. W. (2d) 712. The next question is, Should a receiver have been appointed, and the answer is "No." Mr. Rieke is commissioner of public finance of the city of Paducah; he is a defendant in this litigation; it is his duty to do, and the court can require him to do, everything required of this receiver; there is no showing he will not do as directed, and the matter should be left in his hands under such directions as the court may give him.

The judgment is reversed.